UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FRANCISCO MANUEL CARRASCO,<br>Defendant. | Case No. 15-cr-00290-PJH-12 (KAW)<br><br>**ORDER OF DETENTION** |
|---|---|

The parties appeared before the Honorable Kandis A. Westmore on September 17, 2015 for a detention hearing. Defendant Francisco Manuel Carrasco (defendant) was present and represented by Adam Gasner. The United States was represented by Assistant United States Attorney Garth Hire.

Defendant is charged with four counts of a nineteen count indictment for violating 18 U.S.C. § 371 (conspiracy to enter an airport area in violation of security requirements and to defraud the United States), 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii) (conspiracy to distribute, and to possess with intent to distribute, marijuana), 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (distribution, and possession with intent to distribute, marijuana), and 49 U.S.C. §§ 46314(a), (b)(2) (entering an airport area in violation of security requirements).

The United States requested that defendant be detained pending trial because defendant cannot rebut the presumption that he is a danger and a flight risk and because no condition or combination of conditions of release would reasonably assure defendant's appearance and the safety of the community. Upon consideration of the parties' proffers, the court file, and the Pretrial Services Report, the Court finds that the defendant has failed to rebut the presumption that he is a danger and a flight risk and that the government has shown by clear and convincing

evidence that the defendant presents a danger to the community and by a preponderance of the evidence that he is a flight risk. *See* 18 U.S.C. §§ 3142(e) and (f). The Court therefore orders the defendant detained.

The Bail Reform Act of 1984, Title 18, United States Code, Sections 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted. In coming to its decision, the Court has considered: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

There is a presumption that a defendant should be detained pending trial in cases where there is probable cause to believe that the defendant committed a drug trafficking offense that features a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3)(A). Where the presumption applies, the burden of production shifts to the defendant, although the burden of persuasion continues to rest with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). In this case, the drug-related conspiracy charge carries a maximum prison term of forty years, *see* 21 U.S.C. §§ 846, 841(b)(1)(B)(vii), and thus gives rise to the presumption that the defendant should be detained.

In considering all of these facts and proffers presented at the hearing, as well as the legal presumption that defendant is a danger and a flight risk given the nature of the charges, the Court finds that defendant has failed to rebut the presumption that he should be detained pending trial because: (1) the nature and circumstances of the offense show a consistent and extensive pattern of air travel by defendant to foreign countries in Europe and the Middle East that may show substantial foreign contacts; (2) a search of defendant's residence in Hayward (which he shared with the proposed sureties) resulted in the recovery of marijuana growing equipment, firearms, and body armor; (3) defendant's financial records revealed large amounts of money flowing to defendant's various bank accounts and then withdrawn as cash showing that he may have access to large amounts of currency; (4) defendant's travel expenditures and large currency withdrawals

conflict with defendant's admitted lack of employment; and (5) defendant failed to identify any sureties and/or real property sufficient to rebut the presumption that he is a danger and a flight risk.

IT IS HEREBY ORDERED THAT, accordingly, pursuant to Title 18, United States Code, Section 3142:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

(3) on Order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 11/06/2015

KANDIS A. WESTMORE
United States Magistrate Judge