UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>FRANCISCO MANUEL CARRASCO,<br>Defendant. | Case No. 15-cr-00290-PJH-12<br><br>**ORDER SETTING PROTOCOL FOR DISCLOSURE OF COCONSPIRATOR STATEMENTS** |

In advance of trial, the court sets forth below the relevant legal standards regarding the order of proof for introducing coconspirator statements for admission at trial and sets the deadlines for briefing on the admissibility of coconspirator statements disclosed by the government.

**I.  Legal Standard**

In order for a coconspirator statement to be admissible at trial under Federal Rule of Evidence 801(d)(2)(E), the government must show by a preponderance of the evidence that:

(1) the conspiracy existed when the statement was made;

(2) the defendant had knowledge of, and participated in, the conspiracy; and

(3) the statement was made "in furtherance" of the conspiracy.

*United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006), *adopted in relevant part on reh'g en banc*, 495 F.3d 1094, 1096 n.4 (9th Cir. 2007).  However, the introduction of coconspirator statements is distinct from the issue of admissibility.  That is in part because the court considers all of the evidence, even the defendants' evidence, in

making the ultimate admissibility determination. See 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025, at 303-04 (2011 interim ed.) ("[a]t the conclusion of the presentation of evidence, the trial court on motion must determine on all the evidence including evidence offered by the defendant whether the government has established the requisite foundation") (emphasis added).

It is within the court's discretion to determine the order of proof or the showing, if any, that is appropriate prior to the government's introduction of the coconspirator statements. *United States v. Arbelaez*, 719 F.2d 1453, 1460 (9th Cir. 1983) (concluding that it was not an abuse of discretion for the court to allow the government to introduce coconspirator statements prior to establishing prima facie the existence of a conspiracy). Courts have utilized various approaches regarding the order of proof. One such approach has been the provisional or conditional admission of the statement subject to it later being "connected up" at "the conclusion of the presentation of evidence," at which time the court must determine whether the government has established the requisite foundation (in this case, as set forth by the Ninth Circuit in *Larson*) to be more probably true than not true. See 30B GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025; 4 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 8:62 (Procedure for Applying Coconspirator Exception) (4th ed., updated May 2016); *Arbelaez*, 719 F.2d at 1460.

Another approach includes what has essentially been deemed a mini-trial or James hearing in advance of trial at which the court may consider each proffered coconspirator statement and determine whether the government has established the required foundational requirements as to each statement. See 30B GRAHAM, FEDERAL PRACTICE & PROCEDURE, EVIDENCE § 7025 (citing *United States v. James,* 590 F.2d 575, 581-82 (5th Cir. 1979), *abrogated in part by Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (establishing preponderance of the evidence standard)). In a third approach, which has been deemed the "middle course," the court requires the government to make a preliminary showing or summary of its evidence establishing the predicate facts, while deferring the final decision until the conclusion of the presentation

of the evidence. *See* 4 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 8:62; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the coconspirator rule before delving into the evidence at trial").

This court adopts the "middle course" on the government's requisite showing prior to introducing the coconspirator statements. In accordance with this approach, the court will preview prior to trial a summary of the coconspirator statements to be offered by the government. Following this preview, the court will determine which statements the government will be permitted to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about coconspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements, which will have been previewed and approved by the court, will result in their conditional admission.

The court may at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered coconspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. *Larson*, 460 F.3d at 1212. The court, however, will not determine until after the witness testifies and/or the documentary evidence containing the particular coconspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. *See id.* A coconspirator statement will NOT be unconditionally admitted into evidence until the court has determined that all three *Larson* prongs have been satisfied as to that statement.

3

## II. Protocol for Pretrial Disclosure of Coconspirator Statements

The court's protocol requires the government to disclose the following information with a list of the coconspirator statements to be introduced at trial:

(1) the identity of the testifying witness, the declarant of each specific coconspirator statement, and/or the source of the coconspirator statement;

(2) the specific coconspirator statements to be introduced via that witness and/or the source of the conspirator statement;

(3) a statement describing the purported role in, or relationship to, the conspiracy of the witness, declarant and/or the source of the coconspirator statement;

(4) a summary of the evidence showing that the proffering witness, if a coconspirator, knew about and participated in the conspiracy; and

(5) a summary of the evidence showing that each declarant of the coconspirator statement(s) knew about and participated in the conspiracy.

*See, e.g., United States v. Zaragoza*, CR 08-83 PJH, doc. no. 576 (Amended Order for Pretrial Preparation); *United States v. Marr,* CR 14-580 PJH, doc. no. 247 (Pretrial Order No. 5).

The government must also provide particulars of when the proffered statement was made, to establish that it was made during the relevant period. *Larson*, 460 F.3d at 1211 (requiring the government to establish that "the conspiracy existed when the statement was made"). This requirement may be satisfied by providing sufficient detail to determine whether the statements were made in the course of, and in furtherance of, the conspiracy, and does not require the government to identify the exact date and time that the statement was made.

## III. Briefing Deadlines

In light of the pretrial deadlines and trial date set in this matter, the court sets a truncated briefing schedule as follows: By **August 22, 2018**, the government must file and serve notice of coconspirator statements that it intends to introduce at trial with the information identified in the protocol set forth above. By **September 5, 2018**, defendant

4

must file any objections to the admissibility and/or designation of the coconspirator statements. The matter will be submitted on the papers, and the court will issue a ruling on the conditional admissibility of the coconspirator statements by the first day of trial.

**IT IS SO ORDERED.**

Dated: August 9, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge